MABEL TOOKER, Plaintiff, *v.* WILLIAM TOOKER, Defendant.

Supreme Court, Kings County, April 19, 1930.

*Isaac F. Becker*, for the plaintiff.

*Dana Wallace*, for the defendant.

DUNNE, J.   The judgment of divorce directed the defendant to pay the sum of $10 per week for the support of the plaintiff and the issue of the marriage.   It appears that defendant has permitted himself to become $4,980 in arrears in the payment thereof.   His opposition to this motion to punish for contempt is predicated in part upon the fact that his former wife has remarried.   While such fact might be taken into consideration upon a proper motion to relieve him of the necessity of making weekly payments in so far as they might be applied in support of the wife, such proposition is not before the court upon this application.   The obligation on the part of the husband to support his issue is not destroyed or varied by the subsequent remarriage of the wife; nor can the court upon this application determine what portion of the weekly payments ordered were for the support of the wife and what sum was for the maintenance of the issue.   The motion to punish for contempt is, therefore, properly directed to a failure to pay the entire sum previously ordered.

Defendant contends further, however, that plaintiff is not to be benefited upon this motion because of her laches in bringing the application.   However, the record discloses that this is the fifth motion brought by her to compel obedience to the court's mandate. Performance on the part of the defendant would have obviated the necessity of appealing to the court to exact compliance of that which had been previously ordered.   It should not have been made necessary for the plaintiff to deplete her own funds in an effort to compel payment by the defendant, and the fact that a few years elapsed between the bringing of the fourth and the fifth motion

presents no situation excusatory of the defendant's conduct. Even to hold that the plaintiff's failure to move in the intervening years cannot be of aid to the defendant, for the obligation to support the child continues irrespective of the laches of the plaintiff. The court upon these papers does not find that there was a waiver on the part of the plaintiff; but, even to assume a waiver, the right of the child to the support of its father as decreed in the judgment should not and cannot be prejudiced by the conduct of the plaintiff, for I do not subscribe to the proposition that an equitable estoppel on the part of the mother can flow to the prejudice of the child.

Motion granted. Defendant fined the sum of $4,980. He will be allowed to purge himself of his contempt by paying the arrears at the rate of $10 per week until fully paid, in addition to the current alimony. In the even of default, commitment to issue.